UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICH S. LAMAS,

Plaintiff,

-against-

MARKUS HOPKINS; STEVEN WITT; MATT MCCONNELL; NATALIE (WONDER) ROSE; GINA VONHEIM; MEGHAN ERICKSON; MEGAN SCHWARTZ; CASSANDRA SAMMONS; JULIANA UHER; ERIK ELGAN; KELLY SLATER; JARED LEE; CLARISSA SHAH; MELANIE W.; SARAH WRIGHT,

Defendants.

26-CV-5473 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, a New York resident who is appearing *pro se*, brings this action alleging violations of state law related to statements allegedly made about him on social media platforms. He names as defendants: (1) Markus Hopkins; (2) Steven Witt; (3) Matt McConnell; (4) Natalie (Wonder) Rose; (5) Gina VonHeim; (6) Meghan Erickson; (7) Megan Schwartz; (8) Cassandra Sammons; (9) Juliana Uher; (10) Erik Elgan; (11) Kelly Slater; (12) Jared Lee; (13) Clarissa Shah; (14) Melanie W.; and (15) Sarah Wright. He seeks monetary and injunctive relief. Plaintiff also filed a motion for permission to participate in electronic case filing and a document that he styles as a motion for a pre-discovery subpoena for production of documents under Rule 27 of the Federal Rules of Civil Procedure. (ECF Nos. 4, 5.) By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons that follow, the Court: (1) dismisses the complaint for lack of subject matter jurisdiction, with 30 days' leave to replead; (2) grants Plaintiff's motion for permission to participate in electronic filing; and (4) denies Plaintiff's request for relief under Rule 27.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff is a New York resident "engaged in legitimate business activities with established business relationships, contracts, and economic interests." (ECF No. 1, at 1.) Defendants "are individuals employed by or associated with a social media platform, whose addresses are to be obtained through discovery." (*Id.*)

The complaint appears to suggest that unidentified persons made defamatory statements about Plaintiff on an unspecified social media platform, and despite Defendants allegedly knowing that the statements were false, Defendants took no action to remove the allegedly false statements from the platform. (*Id.*) Defendants themselves also made false statements about Plaintiff, despite knowing that the statements were not true, and suspended his social media account. (*Id.* at 1-2.) As a result of Defendants' actions, "Plaintiff suffered loss of business

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

relationships, loss of prospective opportunities, severe reputational harm, account suspension, significant financial damages, emotional distress, and costs of legal defense." (*Id*. at 2.)

## DISCUSSION

### A. Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

In the complaint, Plaintiff states that this court has federal question jurisdiction of the claims in this action (ECF No. 1, at 1), but the facts in the complaint are not sufficient to allow the Court to infer that any Defendant in this action violated any of Plaintiff's rights secured by federal law. From the face of the complaint, the Court does not have federal question jurisdiction of the claims asserted.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff invokes the Court's diversity jurisdiction, but he alleges no facts suggesting that the parties are of diverse citizenship. While Plaintiff states that he is a resident of New York, he does not allege the residence or domicile of any Defendant in this action. Plaintiff therefore fails to allege facts sufficient to show that the parties have diverse citizenship, as would be required to invoke the Court's diversity jurisdiction. For those reasons, the complaint does not establish that the Court has subject matter jurisdiction of Plaintiff's claims. The Court therefore dismisses the complaint, with 30 days' leave to replead, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B. Motion to participate in electronic case filing**

The Court grants Plaintiff's motion for permission to file documents electronically. (ECF No. 4). The ECF Rules & Instructions are available online at https://nysd.uscourts.gov/rules/ecf-related-instructions.

Following Plaintiff's registering to file documents electronically, he no longer will receive service of documents by postal mail, whether or not he previously consented to accept electronic service. All documents filed by the court, or any other party, shall be served on Plaintiff by electronic notice to Plaintiff's designated email address. *See* Fed. R. Civ. P. 5(B)(2)(E).

Should Plaintiff have any questions regarding electronic filing, he may call the ECF Help Desk at (212) 805-0800.

**C. Motion for relief under Rule 27**

Plaintiff also filed a document that he styles as a motion for a pre-discovery subpoena for production of documents under Rule 27. (ECF No. 5.) In the motion, Plaintiff contends: "Given Defendants' demonstrated willingness to fabricate evidence, ignore exculpatory information, and make false statements, there is significant risk that critical evidence will be destroyed, deleted, or rendered unavailable before standard discovery begins." (*Id*. at 1.)

Rule 27 provides, in relevant part: "A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony." Fed. R. Civ. P. 27(a)(1). The rule requires a showing:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

*Id*.

Courts in this circuit generally recognize that petitioners must satisfy three requirements to conduct discovery under Rule 27:

> First, they must furnish a focused explanation of what they anticipate any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, they must establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought. Third, petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed.

*In re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005); *see Bryant v. Am. Fed'n of Musicians of the United States & Canada*, 666 F. App'x 14, 16 (2d Cir. 2016); *24 Cap. LLC v. Gelbinovich*, 347 F.R.D. 566, 569-70 (E.D.N.Y. 2024). Critically, Rule 27 can only be used to perpetuate *known* evidence. *See Allegretti*, 229 F.R.D. at 98 (denying Rule 27 relief where petitioners sought "not to collect known testimony but to ascertain unknown information, an undertaking that falls outside the limited purposes of the Rule"); *In re Wolfson*, 453 F. Supp. 1087, 1096 (S.D.N.Y. 1978) ("[T]he decisions construing Rule 27 make it clear that the purpose of the rule is to preserve and perpetuate known testimony, not to provide litigants with a vehicle for the ascertainment of evidence."); *see also* Fed. R. Civ. P. 27(a)(1)(E) (requiring a Rule 27 petition to set forth the "expected substance of the testimony of each deponent"). Whether to grant a petition for Rule 27 discovery is "a matter for the sound discretion of the district court." *24 Cap.*

*LLC*, 347 F.R.D. at 569-70 (quoting *Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1946)).

The Court denies Plaintiff's request for relief under Rule 27. Plaintiff does not identify any person who he seeks to depose or set forth the "expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1)(E). On this basis alone, Plaintiff's motion fails. Moreover, Plaintiff's motion indicates that he is seeking "not to collect known testimony but to ascertain unknown information," *Allegretti*, 229 F.R.D. at 98, which Rule 27 does not permit. Finally, while Plaintiff is concerned that evidence may be destroyed, his concern is far too conclusory to demonstrate "sufficient risk" that evidence "would be lost absent Rule 27 discovery." *Jackson v. Good Shepherd Servs.*, 683 F. Supp. 2d 290, 293 (S.D.N.Y. 2009). Plaintiff's motion for Rule 27 relief is therefore denied.

**D. Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims under the Court's diversity jurisdiction, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims and set forth facts sufficient to show that the Court may exercise diversity jurisdiction of his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court grants Plaintiff's motion for permission to participate in electronic case filing and denies his motion for relief under Rule 27. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 4-5.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 9, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

____________________________________________

____________________________________________

Write the full name of each plaintiff.

-against-

____________________________________________

____________________________________________

____________________________________________

____________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_______________

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ________________________________________, is a citizen of the State of
(Plaintiff's name)

__________________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ________________________________, is a citizen of the State of
(Defendant's name)

____________________________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

____________________________________________.

If the defendant is a corporation:

The defendant, ____________________________, is incorporated under the laws of

the State of ____________________________________

and has its principal place of business in the State of ____________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ____________________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

____________________________________________________________________

First Name Middle Initial Last Name

____________________________________________________________________

Street Address

____________________________________________________________________

County, City State Zip Code

__________________________ ______________________________________

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.